# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| ADAM WEST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:16-cv-02091 |
| CSX TRANSPORTATION, INC., | ) ) ) | JUDGE CRENSHAW |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Adam West filed this lawsuit in state court against his former employer, CSX Transportation, Inc. ("CSXT"), alleging violations of the Family Medical and Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, arising from the termination of his employment. (Doc. No. 1-1.) CSXT removed the case to this Court, pursuant to 28 U.S.C. § 1441(a), because the Court has federal question jurisdiction over the case under 28 U.S.C. § 1331. (Doc. No. 1.) Before the Court is CSXT's Motion to Dismiss. (Doc. No. 6.) For the following reasons, CSXT's motion is **GRANTED**.

I.  ALLEGATIONS

West is a former conductor for CSXT. (Doc. No. 1-1 at 4.) On February 11, 2014, CSXT approved West for intermittent leave under the FMLA for his mental health condition. (Id. at 4, 17.)

On or about September 27, 2014, West called his dispatch office and requested that it place him on FMLA leave for his next work day, September 29, 2014, for a scheduled doctor's appointment. (Id.) However, later on September 27, West had an episode related to his mental

health condition that led to his arrest. (Id.) West was unable to make bond from that arrest, and missed his doctor's appointment. (Id.)

On September 30, 2016, Wayne Sisco of the United Transportation Union (the "Union") submitted a request that CSXT give West a thirty day leave of absence starting on September 29. (Id. at 4-5.) On October 8, 2014, CSXT opened a disciplinary case concerning West's misuse of FMLA leave. (Id. at 5.) CSXT's charge letter informed West that it is investigating whether he misused FMLA leave on September 27, 28, 29, 30, and October 1, 2, and 3. (Id. at 26.) On October 14, CSXT denied the Union's request for West's leave of absence because West had an open disciplinary case. (Id. at 5.) The Union representatives protested CSXT's refusal to grant the leave of absence because, they claimed, had CSXT granted the leave of absence in a timely fashion, the disciplinary charges would have been avoided. (Id.) CSXT held a hearing on the disciplinary charges. (Id.) Following the hearing, CSXT terminated West's employment. (Id.)

II. STANDARD OF REVIEW

For purposes of a motion to dismiss under Rule 12(b)(6), the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need

not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

III. ANALYSIS

West brings two independent claims under the FMLA: (1) FMLA interference and (2) a declaration of the rights and obligations of the parties under the FMLA.[1] (Doc. No. 1-1 at 6-7.) CSXT argues that the FMLA does not provide a cause of action for his second claim. (Doc. No. 7 at 4.) West does not respond to this argument in his response. (Doc. No. 7.) Under the Court's Local Rules, when a party fails to respond to an argument, it concedes that argument. LR 7.01(b). The Court agrees that 29 U.S.C. § 2617(a) does not provide for a declaratory judgment, and grants the motion to dismiss West's second claim.

CSXT argues that West received all FMLA benefits to which he was entitled. (Doc. No. 7 at 3.) It further asserts that West did not take his FMLA leave on September 29 for its intended purpose, and therefore was not entitled to reinstatement. (Doc. No. 7 at 4.) West argues that he was incarcerated for the medical condition that allowed him to received FMLA leave, and therefore his incarceration should be covered under the FMLA. (Doc. No. 14 at 3.)

On December 1, 2016, the Court ordered further briefing on the issue of whether West was entitled to use FMLA leave while incarcerated. (Doc. No. 18.) In his supplemental brief, West re-asserts that his absence "was the result of his chronic serious health condition," and therefore "incarceration does not negate his entitlement to FMLA leave."[2] (Doc. No. 19 at 3.) CSXT asserts

---

[1] A claim for restoration of employment is categorized as an FMLA interference claim because it alleges that the employer is interfering with an employee's FMLA right to reinstatement, under 29 U.S.C. § 2614(a)(1). Edgar v. JAC Products, Inc., 443 F.3d 501, 507 (6th Cir. 2006) (quoting Arban v. West Pub. Corp., 345 F.3d 390, 401 (6th Cir. 2003)).

[2] Although the Court ordered further briefing and gave the parties a starting point as to cases that may be relevant, West only summarized the cases the Court found, which was not helpful. The three nonbinding cases, Jeremy v. Northwest Ohio Developmental Ctr., 210 F.3d 372 (6th Cir. 2000) (unpublished), Flores v. Murphy Co., No. 1:12-CV-2156-CL, 2014 WL 584553 (D. Ore. Feb. 12, 2014), and Gurley v. AmeriWood Industs., Inc., 232 F.

that West did not miss work because of his serious health condition, but instead that he could not make bond, which is fatal to West's claim. (Doc. No. 20 at 2.)

To establish a prima facie case of FMLA interference, an employee must show that "(1) he was an eligible employee; (2) the defendant was a covered employer under the FMLA; (3) he was entitled to take leave under the FMLA; (4) he notified his employer of his intent to take leave; and (5) the employer denied him benefits or rights to which he was entitled under the FMLA." Demyanovich v. Cadon Plating & Coatings, L.L.C., 747 F.3d 419, 427 (6th Cir. 2014) (citing Edgar v. JAC Products, Inc., 443 F.3d 501, 507 (6th Cir. 2006)).

Here, West does not allege that CSXT denied him any benefits or rights to which he was entitled under the FMLA. The only benefit or right to which West claims entitlement is reinstatement. However, the right to reinstatement only applies to an "eligible employee who takes [FMLA leave] for the intended purpose of the leave." 29 U.S.C. § 2614(a)(1) (2008). Here, West does not allege that he used his FMLA leave on September 29, 2014, for the intended purpose of attending his doctor's appointment, so he has no right to reinstatement. Further, West does not allege that he would have been reinstated had he not taken leave. 29 U.S.C. § 2614(a)(3)(B). Rather, he still would have been absent without leave for multiple days while incarcerated, which is a legitimate reason for CSXT to fire him. See Bryson v. Regis Corp., 498 F.3d 561, 572 (6th Cir. 2007) (finding that an employer may fire an employee who is unable to return to work after the twelve-week period of statutory leave). As such, West does not establish a prima facie case for FMLA interference.

---

Supp. 2d 969 (E.D. Mo. 2002), presented persuasive authority that if West was having a mental health incident while incarcerated, he could have asked for FMLA as soon as practicable. West's case is different, as he alleges he had an episode relating to his serious mental health condition on September 27, 2014, he never alleged that he was experiencing an episode relating to his condition on September 29, 2014—the day he actually missed work. The FMLA protects an employee when he or she is unable to give notice in accordance with the employer's rules due to "unusual circumstances." 29 C.F.R. § 825.302(d). It does not protect an employee, like West, who is unable to use the leave in the intended manner because of an unusual circumstance, such as incarceration.

4

Should the Complaint be liberally-read to include an FMLA claim for interfering with West's ability to take leave based on his September 27, 2014 incident, West does not state a claim to which he is entitled relief. (Doc. No. 1-1 at 6.) The Complaint alleges that West had an episode that could be covered under the FMLA on September 27, 2014. (Id.) His supporting documentation states that should West have an episode, he is entitled to four-to-seven days of FMLA leave. (Id. at 17.) Therefore, West could have been covered for FMLA leave on September 29, 2014, based on his September 27 episode. However, West does not allege that he informed his employer that he had an episode relating to his mental health condition at all prior to this lawsuit. (See Doc. No. 1-1.) Rather, Sisco's email to CSXT on behalf of West stated that he had an "urgent family matter involving the care of his daughter," and he needed a thirty day leave of absence starting on September 29. (Doc. No. 1-1 at 23.) This does not inform CSXT that he needed FMLA leave due to his covered medical condition, and therefore West does not make any allegation that he "notified his employer of his intent to take leave." Demyanovich, 747 F.3d at 427. Therefore, West does not state a claim that is plausible on its face.

IV. CONCLUSION

For the foregoing reasons, CSXT's Motion to Dismiss (Doc. No. 6) is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE